1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7    CLEVELAND HILL ENDOWMENT, INC.,

8        Plaintiff(s),

9    v.

10   ANDREW FLORES, et al.,

11       Defendant(s).

Case No. 2:21-cv-01207-APG-NJK

**REPORT AND RECOMMENDATION**

12       This case was initiated with a complaint identifying the Plaintiff as Cleveland Hill

13   Endowment, Inc. *See* Docket No. 1.  Because corporations cannot proceed in federal court without

14   a licensed attorney, on June 29, 2021, the undersigned ordered Plaintiff to file a notice of

15   appearance of counsel.  Docket No. 4 (citing *United States v. High Country Broad. Co.*, 3 F.3d

16   1244, 1245 (9th Cir. 1993)).  Rather than comply with that requirement, a motion was filed

17   indicating that it is actually Timothy Cleveland who is the Plaintiff in this case.  Docket No. 5 at

18   1.[1]  In light of these issues, on September 14, 2021, the undersigned issued an order requiring

19   specific action:

20

21

22

23

24

25

To the extent this case is to proceed with Cleveland Hill Endowment
as the Plaintiff, then an appearance of counsel must be filed by
October 5, 2021.  To the extent this case is to proceed with a natural
person as the Plaintiff, then an amended complaint must be filed
identifying that person as the Plaintiff and providing the allegations
necessary to state a claim. *See* Fed. R. Civ. P. 15(a)(1)(B); *see also*
*Vanguard Outdoor, LLC v. City of Los Angeles*, 748 (9th Cir. 2011)
(a party may amend once as a matter of course when no Rule 12(b)
motion or answer has been filed).  Any such amended complaint
must be filed by October 5, 2021.

26

27

28

---

[1] Complicating matters further, it does not appear that Mr. Cleveland is the allegedly aggrieved party, as that instead appears to be his mother. *See id.* at 2 (identifying Mr. Cleveland's mother as "the Unit Owner"); *but see Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (addressing rule that a non-attorney may not represent another person in federal court).

1  Docket No. 6 at 2.  Neither an appearance of counsel nor an amended complaint was filed by the

2  deadline set.

3      On November 3, 2021, the undersigned issued an order for Plaintiff Cleveland Hill

4  Endowment, Inc. to show cause why this case should not be dismissed for failing to be represented

5  by a licensed attorney as ordered.  Docket No. 11.  Plaintiff filed a response.  Docket No. 12.

6  Plaintiff's response essentially has three components.  First, Plaintiff asks for appointment of

7  counsel.  *See id.* at 1-2.[2]  In an order issued concurrently herewith, the undersigned has denied that

8  request because corporations are not eligible for appointment of counsel.  Second, Plaintiff

9  indicates that it has a First Amendment right as an exercise of free speech to proceed without

10 counsel.  *See id.* at 2.  The undersigned disagrees.  Courts have broad authority to control the

11 requirements for litigation and have consistently held that it is appropriate to require licensed

12 attorneys for corporations.  *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory*

13 *Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . .

14 that a corporation may appear in the federal courts only through licensed counsel").  Plaintiff has

15 cited no legal authority that this long-standing practice is inconsistent with First Amendment

16 protections and the undersigned is not persuaded that it is.  Third, and finally, Plaintiff argues that

17 it is not necessary to have an attorney because "Plaintiff has the right to file a civil lawsuit" under

18 the Fair Housing Act.  *See* Docket No. 12 at 4-5.  The undersigned is not persuaded.  While an

19 aggrieved party[3] may have a right to file suit, that plaintiff must still comply with the governing

20 rules once suit has been filed.  As discussed at length, it is well-settled that a corporation cannot

21 proceed with a federal lawsuit without obtaining counsel.  The statutory authority identified by

22 Plaintiff does not abrogate that requirement.

23

24

25  [2] Plaintiff also notes that it has taken efforts to retain counsel, but has not had success in that endeavor.  *See* Docket No. 12 at 2.

26  [3] Without getting too deep into the weeds, the Court again notes that it is not clear that
27  Plaintiff Cleveland Hill Endowment, Inc. is a proper party in this case as it appears that the aggrieved party is Mr. Cleveland's mother.  *See* Docket No. 6 at 1-2.  At any rate, a statute providing a general right to bring a lawsuit does not abrogate the requirement for corporations to
28  appear in federal court with licensed counsel.

1    In short, Plaintiff has been afforded several opportunities to obtain counsel in this case (or

2  to amend the complaint such that a natural person is named as the plaintiff). Plaintiff has not done

3  so. "A corporation may appear in federal court only through licensed counsel." *High Country*

4  *Broadcasting*, 3 F.3d at 1245. Plaintiff's failure to comply with the order to retain counsel is an

5  abusive litigation practice that has interfered with the Court's ability to hear this case, delayed

6  litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and

7  threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions

8  less drastic than dismissal are unavailable because Plaintiff has been unable or unwilling to comply

9  with the order to retain counsel and the Ninth Circuit has held that case-dispositive sanctions are

10  appropriate for a corporation's failure to retain counsel for the duration of the litigation since

11  corporations may not appear in federal court without licensed counsel. *Id.*

12    Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without

13  prejudice to the filing of a new case either with corporate counsel or with a natural person named

14  as the plaintiff.

15    Dated: January 11, 2022

16

17    _____
   Nancy J. Koppe
   United States Magistrate Judge

18

19                    **NOTICE**

20    This report and recommendation is submitted to the United States District Judge assigned

21  to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and

22  recommendation must file a written objection supported by points and authorities within fourteen

23  days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file

24  a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951

25  F.2d 1153, 1157 (9th Cir. 1991).

26

27

28